WILLIAM D. PERRINE v. THE FIRST NATIONAL BANK
OF JAMESBURG.

A second mortgagee of chattels, in whose mortgage there is a recognition of a previous existing mortgage upon the same chattels, cannot attack the former mortgage by setting up that it was made in fraud of the mortgagor's creditors.

On writ of error to the Middlesex Court of Common Pleas.

An action of replevin was brought by the First National Bank against William D. Perrine for taking certain chattels. Upon the trial it appeared that one Samuel E. Perrine, on March 1st, 1889, had made a chattel mortgage upon the property in suit to William D. Perrine, the defendant below, to secure the payment of two promissory notes, amounting to $1,500.

On May 7th, 1889, Samuel E. Perrine made a second chattel mortgage upon the same property to "The First National Bank of Jamesburg," to secure the payment of $1,500.

In the last mortgage is the following clause: "It is understood between the parties that a previous chattel mortgage has been given on the above scheduled chattels to William D. Perrine, for the sum of $1,500, on which there has been a payment of $800."

The notes which William D. Perrine held not being paid at maturity, he took possession of and took action towards selling the mortgaged property. The bank replevined the property. Perrine gave bond and sold. Upon the trial the bank, as plaintiff, attacked the mortgage of Perrine as one made to defraud creditors. The court charged that if the Perrine mortgage was given with a fraudulent intent to cover and conceal from the mortgagor's creditors a part of his property, it was void against the mortgage given to the bank. Under this charge, to which an exception was taken, a verdict

was returned for the plaintiff for the full amount of the notes secured by the second mortgage.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff in error, *Abraham V. Schenck.*

For the defendant in error, *Alan H. Strong.*

The opinion of the court was delivered by

REED, J.   We are of the opinion that the portion of the charge which permitted the jury to find for the plaintiff upon the ground that the first mortgage was executed in fraud of creditors, was erroneous.

It is perceived that the plaintiff did not attack the Perrine mortgage from the standpoint of a general creditor.   He had established no lien as such creditor, and without this he was disentitled to question the *bona fides* of that instrument.   His footing as a litigant is his mortgage.

Now it is self-evident that the parties had the right to con-tract for a lien upon any portion of the chattels in question, or upon any interest in those chattels.   The mortgagee had no power to compel the execution of an instrument other than that which the mortgagor chose to make.   His acceptance of this one, in its existing form, was entirely voluntary.   In it, it was expressly stipulated that there was an already existing mortgage upon the property, upon which mortgage there was due $700.   The position of the plaintiff is, that in spite of this stipulation he can sweep away this first mortgage upon the ground that its execution was a fraud upon creditors.   It is perceived that the mortgagee of the equity of redemption left in the mortgagor after the execution of the first mortgage is asserting a right to do that which the mortgagor himself was powerless to do.   The mortgagor himself could not set up this defence against the first mortgage.   The question is, How can his assignee, who has taken his title with a stipula-tion that the first is an existing lien, do so?   We think that

the second mortgagee is concluded by his stipulation from doing that which his mortgagor was unable to do.

In Massachusetts a purchaser who takes title to mortgaged property, even with notice of an unrecorded mortgage, can claim precedence over the mortgage because of the failure of the mortgagee to record it. *Bingham* v. *Jordan*, 1 *Allen* 373 ; *Travis* v. *Bishop*, 13 *Metc.* 304.

But in *Howard* v. *Chase*, 104 *Mass.* 249, it was held that a second mortgagee, under a mortgage containing a provision that the property is " subject to a mortgage for about $10,000," could not question the superiority of the lien of the first mortgage, although unrecorded.    The court remarked that the second mortgagee took no greater rights than the mortgagor had, which was an equity of redemption, and therefore could not deny the validity of the first mortgage.

In *Tilbert* v. *Horton*, 31 *Minn.* 518, a second mortgagee, in whose mortgage the existence of a prior mortgage was recited, was held to be shut off from attacking the prior mortgage for fraud upon creditors.    Mr. Cobbey, in volume 2, p. 1039, of his work on *Chattel Mortgages*, states the rule to be that " the owner of a second mortgage in terms subject to the first mortgage cannot defend against it."

It is sufficient for the decision of this cause to hold that the rule so laid down is true to the extent that whenever the mortgagor could not have defended against the first mortgage, neither can the second mortgagee, who has recognized the existence of the first mortgage, do so.

Judgment reversed.