<h2 style="text-align:center">Miller <i>v.</i> Shriver.</h2>

197    191
204    247

*Debtor and creditor—Preferences.*

Under the laws of Pennsylvania an insolvent debtor may, if he acts in good faith, prefer a creditor in any manner except by a conveyance in trust.

Where a creditor takes an absolute deed of real estate from his debtor, and after extinguishing the debt due himself assumes a personal liability to apply the balance of the purchase money to the payment of liens against the property and certain other debts of the grantor, the deed cannot be attacked as an assignment for creditors, void because of failure to record it in time.

*Bankrupt law—Preference—Recording deed.*

A deed executed and delivered by an insolvent debtor to a creditor more than four months before the time of a petition in bankruptcy, but not recorded within the statutory period, cannot be avoided by the trustees in bankruptcy of the debtor.

Argued May 28, 1900. Appeal, No. 15, May T., 1900, by plaintiff, from decree of C. P. Adams Co., April T., 1900, No. 1, dismissing bill in equity in case of Pius A. Miller, J. L. Butt and John B. McPherson, Trustees, *v.* David R. Shriver. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to cancel a deed.

From the record it appeared that on March 25, 1899, E. A. Weaver executed a deed of conveyance absolute on its face of all his real estate to David R. Shriver. At the time of the conveyance Weaver was largely indebted to Shriver upon judgments and upon notes given by Weaver upon which Shriver was either surety or indorser. By a contemporaneous agreement Shriver bound himself to pay certain liens upon the property and certain other debts. The deed was not recorded until October 12, 1899. On November 10, 1899, a petition for involuntary bankruptcy was presented against E. A. Weaver, and on

December 13, 1899, Weaver was declared a bankrupt. Subsequently plaintiffs were chosen trustees in bankruptcy of Weaver. The bill prayed that the deed to Shriver should be annulled, that the defendant be restrained from interfering with the trustees in taking possession of the real estate of Weaver, and that the defendant account to plaintiffs for the rents, issues and profits of said real estate. Defendant demurred on the ground that the court had no jurisdiction, that the plaintiff had an adequate remedy at law, and that no sufficient ground had been laid for an injunction and an accounting.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was the decree of the court.

*George J. Benner* and *W. C. Sheely*, with them *Wm. & Wm. Arch. McClean*, for appellants.—The court erred in failing to hold that the deed of March 25, 1899, was not an assignment for the benefit of creditors and void for want of record within thirty days after its execution under the provisions of the act of March 24, 1818: Driesbach v. Becker, 34 Pa. 153; Wallace v. Wainwright, 87 Pa. 266; Lucas v. Sunbury & Erie R. R. Co., 32 Pa. 458; Heath v. Page, 63 Pa. 123; Dickson's Est., 166 Pa. 134.

The Supreme Court has declared the proper mode of construction of statutes in the case of Philadelphia v. Ridge Ave. Railway Co., 102 Pa. 197, in which it says that it is an old rule of construction that if one interpretation would lead to an absurdity, the other not, we must adopt the latter, and that interpretation which leads to the more complete effect which the legislature had in view is preferable to another: Mauch Chunk v. McGee, 81 Pa. 435; Howard Assn.'s App., 70 Pa. 346.

An act susceptible of two interpretations will be given that which renders it constitutional and valid: Boisdere v. Citizens' Bank, 29 Am. Dec. 455.

That the court of common pleas of Adams county had jurisdiction is settled by numerous authorities, and was not seriously questioned in the court below: In the Matter of Woodbury, 2 Nat. Bankruptcy News, 287; In the Matter of Baker, Rickertson & Co., 2 Nat. Bankruptcy News, 133; Loveland on

Bankruptcy, 472; Robinson v. White, 1 Nat. Bankruptcy News, 513; In the Matter of Sievers, 1 Nat. Bankruptcy News, 68; In the Matter of Gerdes, 2 Nat. Bankruptcy News, 131.

That the remedy of the trustee in bankrupcy is by bill in equity to set aside a fraudulent preference has been recognized by the courts again and again: Louisville Trust Co. v. Marx, 3 Am. Bankruptcy Rep. 450; Pepperdine v. Headley, 3 Am. Bankruptcy Rep. 455; Shutts v. First Nat. Bank, 3 Am. Bankruptcy Rep. 492; Woodbury's Case, 3 Am. Bankruptcy Rep. 457.

Our courts of equity have always been open to set aside fraudulent conveyance: Meurer's App., 119 Pa. 115; Williams v. Kerr, 152 Pa. 560; Edward's App., 11 Cent. Repr. 184; Sheehan v. Gough, 5 Kulp, 116; Skiles v. Nauman, 2 Lanc. Law Review, 145; Fowler v. Kingsley, 87 Pa. 449; Artman v. Giles, 155 Pa. 409.

*O. C. Bowers*, with him *William Hersh*, for appellee.—As to the first proposition that the deed to Shriver must be held to be an assignment for the benefit of creditors, the case of York County Bank v. Carter, 38 Pa. 446 (cited and relied on by Judge SWOPE in his opinion) is so precisely similar to the case at bar as to make it a binding authority.

The purchase of a tract of land by agreement under sale, subject to the payment of the purchase money and interest due to a third person, is a covenant by the vendee to pay said purchase money and interest, upon which an action may be maintained in the name of the vendor for the use of him to whom it is due: Campbell v. Shrum, 3 Watts, 60; Blank v. German, 5 W. & S. 36.

A creditor may take from an insolvent debtor an assignment of securities, and a bill of sale of personal property in payment of an actual debt, although both debtor and creditor knew that the effect of the transaction will be to defeat the claims of other creditors: Penn Plate Glass Co. v. Jones, 189 Pa. 290; York County Bank v. Carter, 38 Pa. 446.

An assignment made directly to the creditors beneficially interested in it either as collateral security or in satisfaction, is not an assignment in trust, and need not be recorded under the act of March 24, 1818: Chaffees v. Risk, 24 Pa. 432.

The act of March 24, 1818, requiring assignments in trust to be recorded within thirty days, has no application to an assignment made directly to the creditors beneficially interested in it, either as collateral security or in satisfaction of their claim: Henderson's App., 31 Pa. 502; Fallon's App., 42 Pa. 235; Griffin v. Rogers, 38 Pa. 382; Beans v. Bullitt, 57 Pa. 221; Reehling v. Byers, 94 Pa. 316.

In view of the numerous and explicit declarations of this court that a sale or conveyance bona fide, in payment of an actual debt, although both debtor and creditor know that the effect of the transaction will be to defeat the claims of other creditors, is perfectly good and valid under the laws of Pennsylvania, it is hardly worth while to further discuss the question: Wilt v. Franklin, 1 Binn. 514; Uhler v. Maulfair, 23 Pa. 481; York County Bank v. Carter, 34 Pa. 446; Reehling v. Byers, 94 Pa. 316; Penn Plate Glass Co. v. Jones, 189 Pa. 290.

In view of the wide difference which exists between transfers that are acts of bankruptcy, and transfers that may be avoided, the supposed inconsistency in the act between the time provided for the filing of the petition and the time within which a transfer may be avoided, entirely disappears: In re Wright, 2 Am. Bankruptcy Rep. 364; Loveland on Bankruptcy, 464, 465.

We argued in the court below that the plaintiff's bill in this case should be dismissed on the ground, also, that it is a mere ejectment bill, and relied upon Northern Pa. Coal Co. v. Snowden, 42 Pa. 488, Long's App., 92 Pa. 171, Stewart's App., 78 Pa. 88, Richard's App., 100 Pa. 51, Barclay's App., 93 Pa. 50, and Kennedy's App., 81* Pa. 163. We still think this position to be sound.

OPINION BY MR. JUSTICE FELL, July 11, 1900:

The conveyance which the court was asked to set aside on the ground that it was invalid under the law of this state and under the federal bankruptcy act of 1898 was made by a debtor to his creditor for an admittedly adequate consideration, and without an intent to hinder or defraud other creditors. The good faith of the transaction was not attacked. The only ground of invalidity alleged in the bill is that the conveyance was made with the intent to prefer certain creditors.

Under our decisions the preference was lawful. The Act of April 17, 1843, P. L. 273, forbids preferences in assignments only. An insolvent debtor may prefer a creditor in any manner except by a conveyance in trust. He may do it by a conveyance of real estate to the creditor, by the transfer of personal property or the confession of judgment to him, as well as by the payment of money. He may convey his whole property to a creditor in consideration of the satisfaction of the creditor's claim and the assumption by him to pay the balance of the purchase money in discharge of the claims of other creditors. Although the effect of such a conveyance may be to delay a creditor not preferred, or to prevent his obtaining payment at all, it is valid if at the time the debtor had dominion over his property and the transaction was in good faith, for a fair price and with the intent to pay creditors : Covanhovan v. Hart, 21 Pa. 495 ; Uhler v. Maulfair, 23 Pa. 481; York County Bank v. Carter, 38 Pa. 446 ; Reihling v. Byers, 94 Pa. 316 ; Lake Shore Banking Co. v. Fuller, 110 Pa. 156; Werner v. Zierfuss, 162 Pa. 360.

The contention that the conveyance was in effect an assignment for the benefit of creditors, and void because of the failure to record it in time, is without merit. The grantee in the deed was a judgment creditor, and he was liable as indorser or surety on a number of notes made by the grantor. The conveyance was subject to the payment of fixed liens on the real estate and to the payment of these notes and of other debts of the grantor within three years. Whether this limitation of time was in anticipation or postponement of payment does not appear. The deed is absolute on its face, and by it the grantor parted with his whole interest, legal and equitable, and no one but the grantee took any interest. It does not create a trust ; and neither in the facts alleged in the bill nor in the writings, is there any indication of an intention to create a trust for anyone. The grantee extinguished the debt due him, and assumed a personal liability to apply the balance of the purchase money to the payment of liens against the property and certain other debts of his grantor. On the facts presented the case cannot be distinguished from York County Bank v. Carter, supra.

As the plaintiffs are trustees in bankruptcy, the question of the validity of the conveyance under the bankruptcy acts arises.

The deed was executed and delivered more than six months before a petition in bankruptcy was filed against E. A. Weaver, the grantor, but it was recorded only one month before. The transfer was preferential, and it would be voidable at the suit of the trustees if the petition in bankruptcy had been filed within four months of the delivery of the deed. Is it voidable, the petition having been filed within four months of the recording of the deed? This question is to be determined by the construction of the act. If the limitation as to time, fixed by section 3 (*b*) within which a petition may be filed after an act of bankruptcy has been committed applies in proceedings to invalidate preferential transfers, the decree in this case is wrong. If in such proceedings the limitation is four months from the filing of the petition as fixed by section 60 (*b*) and by section 67 (*e*) the demurrer was properly sustained. The question is new and important, and has not been authoritatively decided. The only decision of a federal court which has been brought to our attention is the one on which the learned judge of the common pleas relied, In re Wright, 2 Am. Bankruptcy Rep. 364, decided by the district court for the northern district of Georgia, in which the validity of a mortgage executed and delivered by an insolvent debtor more than four months before the filing of a petition in bankruptcy, but not recorded within the statutory period, was upheld. This decision is approved in a learned note by Mr. Collier, in which the construction of the sections of the bankruptcy act relating to the subject is considered.

We see no reason which should lead us to doubt the correctness of the conclusion reached. The construction given is strict and literal, but apparently the only one of which the words of the act admit. If the spirit and policy of the act warrant a more liberal construction in order to make it effective, it should be left to the courts directly charged with its administration to take the initiative.

The decree is affirmed at the cost of the appellant.