HOLLENBECK, Respondent, v. LOUDEN (Hazle, Intervenor, Appellant.)

## (152 N. W. 116.)

(File No. 3635.   Opinion filed April 15, 1915.)

**1.   Chattel Mortgages—Mortgage of General Mercantile Stock—Prima Facie Void—Burden of Proof—Status of, Under Bankruptcy Act.**

A chattel mortgage upon a store of general merchandise, containing no provision as to sales in usual course of retail trade, or for accounting of proceeds, or for separation of after-acquired merchandise to replenish stock, was only prima facie or presumptively void, and the mortgagee has the burden of showing that it was made in good faith upon proper consideration and without intent to hinder or delay creditors; and, no such intent being shown, or that mortgagor was, or that either party believed or had reason to believe that mortgagor was insolvent when it was made, and when filed, or that it was made in view of contemplation of bankruptcy, so as to amount to an unlawful preference, or void, under the federal Bankruptcy Act, the mortgage was valid as against the trustee in bankruptcy of mortgagor's estate.

**2.   Chattel Mortgages—Validity—Filing—Priority as to Creditors—Statute.**

Under Civ. Code, Sec. 2085, making void a mortgage of personalty as against creditors and subsequent purchasers in good faith unless filed with the register of deeds, held, that plaintiff, who delayed in filing his mortgage, had a priority over creditors whose debts were incurred before execution of the mortgage, and who did not, before the filing, acquire any lien, while creditors who became such while the mortgage was withheld from record may void it at any time, without having acquired a lien prior to the filing, and this, whether the creditor was or was not deceived or mislead by the non-filing, or whether or not it was withheld from record with fraudulent intent, or by agreement.

**3.   Chattel Mortgages—Second Mortgage Made Subject to First—Unrecorded First Mortgage—Status of Second, as to Subsequent Creditors.**

A second chattel mortgage, made expressly subject to the first, has no preference, as against subsequent creditors of first mortgagor, because of failure to file the first mortgage. Held, further, that the lien of the second mortgage is also junior, to the extent of the amount of the first mortgage, as to indebtedness of first mortgagor to subsequent creditors while first mortgage was withheld from record.

4. **Chattel Mortgages—Bankruptcy—Creditors and Various Mortgagors' Relative Rights—Exemptions.**

Where plaintiff, a first chattel mortgagee of a bankrupt's property, delayed filing his mortgage, during which time others extended credit before filing of first mortgage, and the second mortgage was made expressly subject to the first, **held**, that the subsequent creditors had priority over both mortgages; that plaintiff then had priority, to the extent of first mortgage, above the claim of such creditors; that next came the second mortgagee, and next, the bankrupt's exemptions, subject to second mortgagees' right to have sufficient proceeds applied to payment of their debt; and that after the bankrupt's exemptions were deducted, the other general creditors were entitled to the remainder.

5. **Chattel Mortgages—After-acquired Stock—Receiver—Claims—Priorities—Disposition of Property—Creditors' Claim—Confusion of Goods.**

Where plaintiff, a chattel mortgagee of a stock of goods, took possession, and, with consent of other creditors, the whole property, including after-acquired stock not covered by the mortgage, was transferred to a receiver who converted it into money, **held**, that, the creditors having consented to the disposition of the property without any separation, when it might have substantially been separated from the mortgaged property, the doctrine of confusion of mortgaged property is not applicable; the identity of the substantial part of the after-acquired property having been completely lost by the course pursued.

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by I. O. Hollenbeck against William Louden to foreclose a chattel mortgage upon a stock of merchandise; in which W. A. Hazle as trustee in bankruptcy, intervened. From a judgment for plaintiff, and from an order denying a new trial, intervener appeals. Modified and affirmed.

*L. W. Crofoot,* and *Fred G. Huntington,* for Appellant.

*Morris & Moriarty,* for Respondent.

(1) Under point one of the opinion, Appellant cited: National Bankruptcy Act, Sec. 47; First Nat. Bank v. Comfort, 4 Dak. 167; Madden v. Rutten, 16 N. D. 281, 113 N. W. 782; Bergman v. Jones, 10 N. D. 520, 88 N. W. 284; Buckstaff v. Snyder, 54 Neb. 438, 74 N. W. 863; Gilbert v. Peppers, 65 W. Va. 355, 64 S. E. 361, 36 L. R. A. (N. S.) 1181 Robinson v. Elliott, 22 Wall. 513, 22 L. Ed. 758; Re Standard Teleph. &

Elec. Co., 157 Fed. 106, affirmed 89 C. C. A. 467, 162 Fed. 675; Knappen v. Milwaukee Trust Co., 216 U. S. 545, 54 L. Ed. 610; Bank v. Johnson, (Neb.) 94 N. W. 837.

Respondent submitted that: The mortgage is only presumptively void, and the good faith of the mortgage is a question of fact; and cited: Greeley v. Winsor, 48 N. W. 216; Black Hills Mercantile Co. v. Gardiner, 5 S. D. 246; Black Hills Mercantile Co. v. Gardiner, 5 S. D. 257; Sprague et al. v. Gardiner, 5 S. D. 620; Meyer v. Shenkberg, 11 S. D. 620; Bank v. Calkins, 12 S. D. 411; Bank v. North, 2 S. D. 480.

(2) Under point two of the opinion, Appellant cited: W. W. Kimball Co. v. Kirby, 4 S. D. 152; Noyes v. Brace, 8 S. D. 190; Pierson v. Hickey, 16 S. D. 46; Albien v. Smith, (S. D.) 123 N. W. 675; Aultman Co. v. Young (S. D.) 126 N. W. 245; Ruggles v. Cannedy, 127 Cal. 290, 53 Pac. 911; Campbell v. Richardson, (Okla.) 51 Pac. 659; Hopper v. Keys, 152 Cal. 492, 92 Pac. 1017; Jewett v. Sundback, 5 S. D. 111; Wilcox v. Jackson, (Colo.) 4 Pac. 966.

Respondent cited: Madsen v. Rutten, 113 N. W. 872; Black Hills Merc. Co. v. Gardiner, 5 S. D. 246; Stewart v. Platt (U. S.) 25 Law Ed. 816; Peoples Saving Bank v. Bates, 30 Law Ed. 754; Forrester v. Kearney, 68 N. W. 1059; Carpenter Paper Co., v. News Pub. Co., 87 N. W. 1050; Bank v. North, 2 S. D. 488; Black Hills Merc. Co. v. Gardiner, 5 S. D. 253.

(5) Under point five of the opinion, Appellant cited: Coder v. Stots, (Kan.) 32 Pac. 1102; 7 Cyc. 36; Bank v. Lindenstruth, (Md.) 28 Atl. 807; Wilcox v. Jackson, (Colo.) 4 Pac. 966; 1 Cobbey on Chattel Mortgages, Sec. 356.

Respondent cited: D. M. Osborne & Co. v. Cargill Elevator Co., (Minn.) 64 N. W. 1135; Odell v. Gallup, (Ia.) 17 N. W. 502; Story on Bailments, Sec. 40; Catlett v. Stokes, (S. D.) 145 N. W. 554.

McCOY, P. J. This action was instituted to foreclose a chattel mortgage upon a stock of general merchandise given by defendant Louden to plaintiff. Defendant appeared and answered. W. A. Hazle, representing general creditors, as trustee in bankruptcy of defendant, Louden, by intervention, also became a party to the action. Findings and judgment were made and entered in favor of plaintiff adjudging said mortgage to be

a lien upon said merchandise, and that the proceeds thereof be applied to the satisfaction of plaintiff's mortgage indebtedness. The said trustee, as intervener, has appealed, assigning among others, as error, that the judgment is not sustained by the findings, and insufficiency of the evidence to sustain certain findings. The effect of the findings and judgment is to make plaintiff's mortgage a prior lien upon said merchandise in preference to any of the creditors of the mortgagor. So far as the matters necessary to be considered are concerned, there is no material conflict in the evidence. The mortgage to plaintiff was executed and delivered on the 1st day of March, 1913, and withheld from record until the 26th day of July, 1913.

[1] It is first contended by appellant that plaintiff's mortgage is inherently void by reason of the provisions thereof, in that it covers a stock of general merchandise, and there is no provision therein with reference to sales from said stock in the usual course of retail trade, and no provision for any accounting of the proceeds of sales to the mortgagee, and no provision as to after-acquired merchandise that might be added to said stock in the usual course of said business. It appears that the mortgagor did make sales from the mortgaged property, and did pay to plaintiff the amount of about $750. We are of the view that, under such circumstances, such a mortgage is not absolutely or conclusively void, but is prime facie or presumptively void, and that the one claiming under such a mortgage has the burden of showing that it was made in good faith upon proper consideration and without intent to hinder or delay creditors. This burden was met by plaintiff by showing it to be a purchase-money mortgage securing an indebtedness of $2,465, and being a part of the purchase price of said stock of merchandise, valued at about $9,000, which was, on the 1st day of March, 1913, sold and delivered by plaintiff to defendant. There was no evidence tending to show that said mortgage was given with any intent, by either party, to defraud, hinder, or delay creditors, or that said mortgagor was insolvent at the time of the excution of said mortgage, or at the time of the filing thereof, or that said mortgagor or mortgagee, at either of said times, had any reason to believe that said mortgagor was insolvent, or that said mortgage was made in view or contemplation of bankruptcy on the part of said

mortgagor, so as to make the giving thereof an unlawful preference, or void, under sections 60 and 67 of the federal Bankruptcy Act. The following authorities seem to sustain this conclusion: Black Hills Mercantile Co. v. Gardiner, 5 S. D. 246, 58 N. W. 557; First National Bank v. Calkins, 12 S. D. 411, 81 N. W. 732; Cobbey on Chattel Mortgages, §§ 219 to 312; Robinson v. Elliott, 2 Wall. 513, 22 L. Ed. 758; Jones on Chattel Mortgages, § 405b; Greeley v. Winsor, 1 S. D. 618, 48 N. W. 214; Lane v. Starr, 1 S. D. 107, 45 N. W. 212; 1 Fed. Stat. Ann. § 60, pp. 672 to 677 ,and section 67, pp. 688 to 696; Asbury Park Association v. Shepherd (N. J. Ch.) 50 Atl. 65; Miller v. Shriver, 197 Pa. 191, 46 Atl. 926; Grant v. Powers Dry Goods Co., 23 S. D. 195, 121 N. W. 95.

[2] It is also contended by appellant that, under section 2085, Civil Code, providing that mortgages of personal property are void as against creditors unless filed; plaintiff's said mortgage is void as against any and all the creditors of said mortgagor, Louden. It appears that said mortgagor has two classes of creditors: (1) Those whose debts against Louden were incurred prior to the execution of plaintiff's mortgage; and (2) those whose debts were incurred between the time of the execution and filing of said mortgage. In one sense a mortgage, where the same is withheld from record, as in this case, is void as to all the creditors of the mortgagor, but those creditors of the first class, who became such before the existence of the mortgage, are not in a position to avoid such mortgage, unless, before the filing thereof, they have acquired a lien thereon by way of execution or attachment levy, or otherwise; while creditors of the second class, who became such while such mortgage was being withheld from record, are in a position to avoid such mortgage at any subsequent time either before or after the filing thereof, without having acquired a lien thereon prior to such filing. As to creditors of the first class such a mortgage is conditionally void; the condition being that the creditor must acquire some lien on the mortgaged property prior to the filing of the mortgage. Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; Jones on Chattel Mortgages, § 245; Harrison v. South Carthage Mining Co., 106 Mo. App. 32, 79 S. W. 1160. As to creditors of the second class such mortgage is absolutely void, and it

makes no difference whether the creditor was deceived or mis-
led, for the statute makes no such condition, and neither does it
make any difference whether or. not the mortgage was withheld
from record with fraudulent intent or by agreement.  It is the
fact of withholding the same from record which makes void
the mortgage.  A creditor extending credit during the period the
mortgage was withheld is as much harmed by the good-natured
well-intended indolence and carelessness of the mortgagee as he
would be by a fraudulent agreement not to file the same for
record.  Such a creditor at any subsequent time may avoid such
a mortgage in any proper proceeding without having acquired a
lien on the mortgaged property prior to the filling thereof.
Ephraim v. Kelleher, 4 Wash. 243, 29 Pac. 385, 18 L. R. A.
604.  The same construction is given to similar statutes in the
states of Missouri, New York, New Jersey, Michigan, North
Dakota, and California.  Harrison v. South Carthage Mining Co.,
95 Mo. 80, 68 S. W. 963; Id., 106 Mo. App. 32, 79 S. W. 1160;
Karts v. Gane, 136 N. Y. 316, 32 N. E. 1073; Button Co. v.
Speilmann, 50 N. J. Eq. 120, 24 Atl. 571; Cutler v. Steele,
85 Mich. 627, 48 N. W. 631; Hilliard v. Cagle, 46 Miss. 336;
Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep.
533; Ruggles v. Cannedy, 127 Cal. 290, 53 Pac. 911, 59 Pac.
827, 46 L. R. A. 371; Jones on Chattel Mortgages, § 245.  This
is sometimes spoken of as the "New York" rule, which rule has
been heretofore approved by this court.  Kimball v. Kirby, 4 S. D.
152, 55 N. W. 1110; Jewett v. Sundback, 5 S. D. 111, 58 N. W.
20; Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; Pierson v.
Hickey, 16 S. D. 46, 91 N. W. 339.  It will be noted, however,
that the courts of New York and New Jersey go further, and
hold that antecedent creditors may avoid such a mortgage, al-.
though they acquired no lien until after the filing. of such mort-
gage.  We are of the view, however, that the weight of authority
is otherwise in this particular.  It is contended that the former
decision of this court in Bank v. North, 2 S. D. 480, 51 N. W.
96, establishes a different rule; but we are of the view that that
decision was controlled by the facts and issues peculiar to that
case, and is not applicable to the facts of this case.  The case
of Noyes v. Brace, in principle, is the same as the case at bar,
and this court pointed out the distinguishing differences of Bank

v. North in the Noyes Case. Applying the rule to this case, it necessarily follows that all those creditors of Louden, who became such before the 1st day of March, 1913, but who had not obtained a lien of some character upon the mortgaged property before the filing of said mortgage, have no rights prior or superior to plaintiff's mortgage, while all the debts and claims of those creditors incurred during the time said mortgage was being withheld from record should be prior and take precedence over plaintiff's mortgage, as such mortgage is void as to the indebtedness owned by such creditors.

[3] It also appears that on the 1st day of March, 1913, Louden also gave a second chattel mortgage to Hoy & McClosky, covering the same stock of merchandise, and which mortgage is not a concurrent lien, but was by its terms made subject or inferior to plaintiff's mortgage, by referring thereto as a prior mortgage, and which second mortgage was filed March 6, 1913, the lien of which second mortgage is also junior, to the extent of the amount of the first mortgage, as to the indebtedness incurred by said mortgagor to the subsequent creditors while the said first mortgage was withheld from record, on the ground that the lien of this second mortgage, which by its terms is subject to the first mortgage, only covers the equity of the mortgagor in the mortgaged property remaining after the satisfaction of the first mortgage, and for the reason that, under the circumstances of this case, the second mortgage owned by Hoy & McClosky would not become a first mortgage lien upon the displacement by or becoming void of the first mortgage as to subsequent creditors. The second mortgagees should not in equity be placed in any better or more favorable position, by the failure to file the first mortgage, than they would have been in, had the first mortgage been timely filed. A second or junior mortgage only creates a lien on the mortgagor's equity remaining after the satisfaction of the first mortgage. Anderson v. Oskamp, 10 Ind. App. 166, 37 N. E. 1055; Old National Bank v. Heckman, 148 Ind. 490, 47 N. E. 953; Tolbert v. Horton, 31 Minn. 518, 18 N. W. 647; Id., 33 Minn. 104, 22 N. W. 126; Perrine v. Bank, 55 N. J. Law, 402, 27 Atl. 640; Hibbard Co. v. Cribb, 80 Wis. 398, 49 N. W. 823, 15 L. R. A. 768; Arnold v. Stock, 81 Ill. 407; 25 Cyc. 678; 20 Am. & Eng. Ency. p.

1022; Cobby, Chattel Mortgages, § 1039; Lyons v. Archer, 32 S. D. 314, 143 N. W. 286. The rights of the subsequent creditors, to the extent of their claims, have displaced the rights of plaintiff under his mortgage. Both mortgages are prior to the rights of general creditors who have no intervening equities.

[4] If plaintiff's mortgage had been timely filed, the priorities and claims of the respective parties in and to said merchandise, or the proceeds thereof, at the commencement of this action, would, approximately, have been as follows:

(1) The claim of $1,760, and interest, the balance then unpaid on plaintiff's mortgage.

(2) The claim of $1,062, and interest, the balance then unpaid on the second mortgage to Hoy & McClosky.

(3) The claim of $750, personal exemption to Louden as a debtor under the statute.

(4) The claims of general creditors to the amount of about $1,800.

(5) The surplus, if any, belong to Louden after the payment of all debts.

It will be noted that ,if plaintiff had timely filed his mortgage, then those creditors whom we term "subsequent creditors" —that is, those whose claims accrued between March 1 and July 26, 1913—would have been included in the class of general creditors. The claims of these subsequent creditors represent about $1,200 of the $1,800 referred to in the foregoing "No. 4." It will also be noted that there was about $2,800 incumbrances, secured by mortgages, ahead of Louden's claim for exemptions, and about $3,550 ahead of the claim of general creditors. Now, under the view heretofore expressed, what was the effect of plaintiff's withholding his mortgage from record? Simply this: To substitute such subsequent creditors to the extent of their claims, not exceeding the amount of the first mortgage, in place of plaintiff, and to relegate plaintiff to the extent of a like amount back into the class of general creditors in the place occupied by such subsequent creditors. This is the only equitable and just adjustment of priorities that will preserve the rights of all the other interested parties. Neither the rights of the second mortgagees, the right of Louden to exemption, nor the rights of general creditors should have been or

were affected by plaintiff's failure to file his mortgage. When the claims of the subsequent creditors shall have been satisfied out of the property or proceeds covered by plaintiff's mortgage, which otherwise would have gone to plaintiff had he timely filed his mortgage, as against these other interested parties, that would amount pro tanto to an extinction of the mortgage lien; but would not extinguish pro tanto the debt due plaintiff secured by such mortgage, but would leave him with the remainder of such debt in the status of a general creditor. As against the second mortgagees, the Louden exemption, and general creditors, the prior incumbrances on the property could not be increased.

It therefore necessarily follows:

(1) That the subsequent creditors, whose claims accrued during the time plaintiff's mortgage was withheld from record, have the first right or priority to the extent of their claims.

(2) That plaintiff has the second right or priority for the balance remaining of said mortgage debt after the payment of said subsequent creditors.

(3) That Hoy & McClosky have the third right or priority immediately after the amount necessary to extinguish plaintiff's mortgage.

(4) That Louden has the fourth priority to the extent of his exemption; but in this connection, however, if it should occur that the proceeds remaining after the extinction of the first mortgage are insufficient to satisfy the Hoy & McClosky mortgage, then such second mortgage would be entitled to apply the mortgagor's said exemption to the satisfaction of such balance, or such portion of such exemption as may be necessary to satisfy the second mortgage in full.

(5) The general cerditors, including plaintiff, to the amount of his mortgage taken by subsequent creditors, have the next and fifth priority.

[5] It is contended that, by reason of a confusion of property, plaintiff's mortgage lien has been destroyed as against creditors. It appears that after the giving of said mortgages the mortgagor acquired other goods and merchandise, and intermingled the same with the mortgaged stock, and that he also indiscriminately made sales at retail from the whole stock, and that when plaintiff took possession for the purpose of foreclosure

he also took possession of whatever then remained of the after-acquired goods. At the time plaintiff took possession, the after-acquired merchandise might have substantially been separated from the mortgaged portions. Plaintiff was required, by order of court, to foreclose his mortgage by action. After the commencement of the foreclosure action, by amicable arrangement between plaintiff and the creditors, a receiver was appointed to take possession of and sell and convert said stock of goods into money, and which arrangement had been partially carried out prior to the taking of possession by the trustee in bankruptcy. The receiver sold a large portion of said stock, and in his making of sales no attention to or account was kept of the after-acquired part of the stock, and at this time the identity of the substantial part of the after-acquired part of the stock has been completely lost, and that at this time the amount of such after-acquired goods would be but a mere guess. It does not appear that this situation of affairs came about by reason of any willful or negligent acts on the part of plaintiff, but that the other parties in interest in this action were as much at fault in that particular as plaintiff; and we are therefore of the view that the rule as to the confusion of mortgaged property is not applicable.

The judgment appealed from should be modified to conform to the views herein expressed, and, as modified, is affirmed. and costs should not be assessed by or against either party.