CUDAHY PACKING CO., et al, Respondents, v. MYLAN, et al, Appellants.

(228 N. W. 374.)

(File No. 6669.   Opinion filed December 31, 1929.)

*Hitchcock & Sickel,* of Mitchell, for Appellants.

C. R. *Keister,* of Mitchell, for Respondents.

BROWN, J. Defendants Mylan & Worthen operated a meat market in the city of Mitchell, and in July, 1925, gave to Commercial Trust & Savings Bank a chattel mortgage on the equipment and tools used in the business, to secure an indebtedness on which there remained unpaid, at the time of the commencement of this action, approximately $1,000. The mortgage was not filed for record until September 22, 1926. On November 23, 1926, Mylan & Worthen made a bulk sale to defendant Reihsen of their entire stock of merchandise and the equipment and tools described in the chattel mortgage, which mortgage Reihsen assumed. On December 4, 1926, the present action was commenced by plaintiffs to set aside the chattel mortgage, on the ground that they became creditors of Mylan & Worthen for goods sold to that firm during the period that the mortgage was withheld from record. From a judgment that the mortgage is void as to the claims of plaintiffs, and giving plaintiffs a lien on the mortgaged property for the amount of their respective claims, and from an order denying a new trial, defendants appeal.

The claims of Cudahy Packing Company and Armour & Co. were both for goods sold during the time the mortgage was with-

held from the record and the trial court properly held that the mortgage was void as to those claims. The claim of Swift & Co. presents a different aspect. In response to a demand for a bill of particulars, each of the plaintiffs furnished such bill.. The bill of particulars furnished by Swift & Co. showed that their account with Mylan & Worthen was balanced by payments, on August 7th, 14th, 18th, and September 2d. Merchandise was furnished and payments made after September 2d until, on September 29th, the bill of particulars showed an unpaid balance of $179.41. But in arriving at this balance merchandise amounting to $277.27 was included, which was furnished after the chattel mortgage was filed, so that, according to the bill of particulars, all merchandise furnished by Swift & Co. while the mortgage was withheld from record was paid for, and the entire balance due them from Mylan & Worthen was for goods furnished after the chattel mortgage was filed. R. M. Pinkerton, credit manager for Swift & Co at Sioux City, having a territory embracing Mitchell, testified that he signed and swore to Exhibit 1 (the bill of particulars), and that he was acquainted with the items stated therein; that the left-hand column showed merchandise sold and the right-hand column the amounts paid on the account by Mylan & Worthen; that he had general charge of the accounts, and that the bill of particulars was a true copy of the account of the company with Mylan & Worthen from August 4, 1926, to December 3, 1926. He, however, produced on the trial another and different statement of the account, Exhibit 2, in which the payments were applied to later items in the account, which later items he said were forwarded with bill of lading, and the payments were intended to be for the goods shipped with bills of lading. But the bills of lading were consigned to the company's own agent at Mitchell, and he was authorized to let Mylan & Worthen have the goods before payment, and without payment of the exact amount shown in the bills of lading, and none of the payments made after shipments began to be sent with bills of lading corresponded, either in date or amount, with the bill of lading charges.

Exhibits 2, applying payments to the later items of the account, instead of to items of the account in the order of their dates, resulted in showing that, whereas, all items furnished prior to the filing of the chattel mortgage were paid for, as shown by

the books of the company, and items sold after the mortgage was filed constituted an unpaid balance, showed this unpaid balance to be paid, and that items aggregating $609.87 furnished during the period the mortgage was not recorded remained unpaid. This operation attorneys for appellants call "juggling the figures." Attorneys for Swift & Co. objected to this blunt phrase, and designate the performance by the euphonistic name of "rearranging" the figures. But by whatever name it is called we consider it unjustifiable. The application of the payments having once been made, the creditor cannot change that application to the detriment of other parties. 48 C. J. 664, § 127.

Appellants assail that provision of the judgment giving to creditors whose claims accrued during the period that the mortgage was withheld from the record a lien on the mortgaged property to the extent of their claims, and insist that they can only come in as general creditor and get a pro rata share of the purchase price of the stock of goods and equipment under the provisions of the Bulk Sales Law. This contention is unsound. The principle is recognized in the case of Hollenbeck v. Louden, 35 S. D. 320, 152 N. W. 116. Cudahy Packing Company and Armour & Co. are entitled to the liens granted to them, respectively, by the judgment of the trial court, but the claim of Swift & Co. is only entitled to share pro rata with other general creditors of Mylan & Worthen in the purchase price of the stock of merchandise and the property described in the mortgage to Commercial Trust & Savings Bank after payment of the liens thereon. The bank is entitled to a lien on the mortgaged property for the balance remaining due on its mortgage debt after deducting the Cudahy and Armour & Co.'s liens.

If anything remains after the satisfaction of all of these liens, Swift & Co. and other general creditors of Mylan & Worthen, if any, and the bank to the amount that its mortgage debt is held inferion to the claims of Cudahy Packing Company and Armour & Co., and not satisfied from the mortgaged property, will share such remainder pro rata, under the provisions of the Bulk Sales Law (Rev. Code 1919, §§ 914-921). Hollenback v. Louden, supra. The judgment and order appealed from are reversed, and the cause remanded for further proceedings in harmony with this opinion.

Respondents Cudahy Packing Company and Armour & Co.

will recover costs on this appeal, and no costs will be taxed by any other party.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.