IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF KENNEBEC,

### ARGUED AT MAY TERM, 1843.

JAMES HAUGHTON & al. *versus* FRANCIS DAVIS, JR.

Where a bill in equity alleges that the plaintiff, as a creditor, is entitled under the assignment to a sum of money in the hands of the defendant as assignee of the effects of a debtor, and the answer does not object that the alleged assignment was void, but states the amount received by him as assignee under it, and denies the right of the plaintiff to any portion of the fund on the ground that he had not made himself a party to the assignment; it is not open to the defendant, on the argument, to object, that the assignment was void, because the provisions of the statute on that subject had not been complied with.

An assignment recited that the debtor was "indebted to the several persons, parties hereto of the third part, and in the said several sums set opposite to their respective names," and in the concluding part provided that the creditors of the third part should " release and forever quitclaim unto the said debtor, his heirs, &c., the said several debts and sums of money mentioned and hereunder written opposite their respective names," and also provided that the assignee should " pay over to said creditors in proportion to their respective demands ;" and no request was made at the time of signing, or at any other time, that the creditor should affix the amount of his claim. *It was held,* that a creditor who had seasonably signed and sealed the instrument, did not forfeit his right to be considered a creditor under the assignment by the omission to state the amount of his debt.

Where an assignment of property for the benefit of creditors provides, that any surplus above paying the creditors should be paid over to the debtor, he should be made a party to a bill in equity, brought by a creditor against the assignee for the purpose of recovering his share of the fund.

One of the several creditors cannot maintain a bill in equity, in such case, in his name alone, without making the other creditors parties, unless it be a creditor's bill, where all the creditors are entitled to come in and have their rights ascertained.

The Court may however, upon terms, permit the bill to be amended in that respect, at any time before a final decree.

THIS was a bill in equity, and was heard on the bill, as amended, and on the first and second answers. The substance of the bill and answers, as well as of the assignment referred to therein, appears in the opinion of the Court.

*N. Weston* argued for the plaintiffs, contending among other grounds, that the plaintiffs were creditors, and that the defendant had, as assignee, received funds from the effects of the debtor, and had not paid over to the plaintiffs their proportion. These facts are sufficient to enable us to support our bill. Each party interested may proceed, and assert his rights. The refusal of one cannot prejudice the rights of the others. Besides, the others have received more than their proportion, and have no interest in calling money out of the hands of the assignee. We cannot call it out of their hands, but the assignee may. If through misapprehension of his duties and the rights of others, the assignee has paid to the creditors more than they are entitled to, he may recover it back. *Ward* v. *Lewis*, 4 Pick. 518.

But two objections are interposed to our recovery in the answer. No others can be considered here, because new objections cannot for the first time be made in the argument.

It was not necessary to have made Manley a party, as is asserted in the answer. He had no interest in the question. The demands against him were discharged, and they were to be paid in full before the assignor could be entitled to any thing. The objection is dilatory in its character, and should not be allowed to defeat the bill.

The other is, that although we signed and sealed the instrument, that we are not parties to it, merely because the amount was not appended to the signature.

We have been recognized by the defendant as a party, and he has paid us a part of our dividend. He cannot now say

that we are not a party. The assignment law requires a distribution of the funds equally, in proportion to their demands, among all the creditors. The statement of the amount is only necessary, when but a single demand is claimed, where there is no security, and another kept back where others are liable, or there is security by mortgage. Where no sum is put down, the whole claim is discharged, whatever it may be, and a dividend is also to be paid on the sum actually due, be it little or much.

The bill alleges that the assignment was duly made, and that is not denied in the answer. It is therefore to be considered as an established fact.

*Vose* and *Lancaster*, for the defendant, contended that the assignment was void and wholly inoperative, because it is not conformable to the provisions of the statute of April 1, 1836, "concerning assignments." This was not repealed by the Revised Statutes. That act requires, that affidavit should be made to it by the debtor, and that public notice should be given by publication in a newspaper. Neither of these provisions was complied with.

The assignment requires that each creditor who should sign, should annex the amount of his demand to his signature. This was not done, and therefore there has been no signature of the plaintiffs in the mode required, and they are not parties to the assignment. The mere fact of the payment to them, regarding them as parties, can make no difference. If they had not put their names to the paper, it would not be pretended, that treating them as creditors under the assignment would make them such. As no amount was affixed to the signing, the assignee could not know how to apportion his dividend. 9 Pick. 410; 21 Pick. 239; 2 Metc. 93.

Manley, the debtor, should have been made a party to the bill. The persons really interested are all the creditors and the debtor. They should liquidate the sums, and determine the mode of apportionment. The defendant has no means of knowing the justice of the claims set up.

The plaintiffs cannot be permitted, as is now attempted by them, to sustain their bill, without showing performance on their part. 1 Fonb. Eq. 391; 4 T. R. 761; 1 Salk. 112; 16 Maine. Rep. 92.

The opinion of the Court was by

SHEPLEY J. — This case is presented for decision upon the bill and answer. The bill alleges in substance, that James S. Manley, in the month of March, 1838, assigned his property to the defendant in trust for the benefit of such of his creditors as should become parties to the deed; that the defendant accepted the trust, took possession of the property, and proceeded to execute the trust; that the plaintiffs became parties and entitled to a proportion of the trust fund to be distributed *pro rata* among those entitled according to their respective debts; and that the defendant has not faithfully executed the trust and paid to them their just proportions.

The defendant in his answer, in effect admits, that the property was assigned to him as alleged. He asserts, that he has faithfully executed the trust according to the provisions of the deed; states the amount of goods and debts assigned; the result of the sales and collections; the payment of $550, to the plaintiffs, and of $1100 to J. H. Hill; and the charges, expenses, and losses incurred, showing, that the property assigned was insufficient to pay in full all those entitled to share in the distribution of the fund. He denies, that the plaintiffs legally became parties to the deed of assignment and entitled to a proportion of the fund; and alleges, that Manley ought to have been made a party to the bill.

The counsel for the defendant in argument contends, that the deed of assignment is void, because it does not appear, that the assignor made affidavit to the truth thereof, and because notice was not given according to the provisions of the statute, c. 240. The answer of the defendant does not present any such objections, or allege, that the assignment was void; and if they had been made, they might perhaps have been met and obviated by proof. To permit them now to be considered

as valid objections to the assignment, would be to deprive the plaintiffs of all opportunity to show, that they had in fact no existence. They were entitled to bring the cause to a hearing upon the case as made by the bill and answer.

The next objection is, that the plaintiffs are not parties to the deed of assignment. They did in fact sign and seal it within the time prescribed; but did not place opposite to their names any sums of money as due to them. The deed recites, that " whereas the said Manley is indebted unto the said several persons, parties hereto of the third part and in the said several sums set opposite to their respective names." And in the concluding part it provides, that the creditors of the third part " release and forever quitclaim unto the said Manley, his heirs, executors, or administrators, the several debts and sums of money mentioned and hereunder written opposite their respective names, and all actions, suits, claims, and demands whatever, in respect or on account thereof." If it should be considered to be the intention of the parties, that the sums set opposite the names should be absolutely conclusive upon them, the assignee would be obliged to pay a dividend upon any sum, which a creditor might place opposite to his name, although a much smaller amount only might be justly due to him. And a creditor might divide his claims, and become a party, and place against his name a doubtful and litigated one, and receive a dividend upon it, and release it, while he retained the more valuable and unquestioned claims without impairing their validity. Such a construction would afford opportunity for the creditors to practice gross frauds upon each other, and upon the debtor. The assignment provides, that the assignee shall " pay over to said creditors in proportion to their respective demands;" and to enable him to do it, and to act faithfully and justly towards all, he must be entitled to make settlements and ascertain balances, and if need be, to require proof of the amounts claimed to be due. To avoid these results and accomplish these purposes, it becomes necessary to consider the clauses respecting the amounts due as introduced for the convenience of the parties and not as conclusive upon them.

There is no positive requirement in the instrument, that the creditor shall, or any stipulation by him, that he will, set against his name the amount of his debt; and without it, there would seem to be little reason for considering, that he had forfeited all rights by an omission to do that which was not expressly required of him. If the claims set against the names may be lessened and varied by settlements, the creditors by signing and sealing the instrument must be considered as entitled to a dividend, upon what may be found justly due to them, and as having released all claims, out of which such final balance may have been obtained. If a creditor were at the time of signing the instrument required to place the amount of his debts against his name, and refused, there might be more reason for considering, that he did not intend to become a party to the instrument. If in this case it could be considered as any thing more than an immaterial omission not affecting the rights of any party, the defendant, having admitted the plaintiffs to be parties by paying them a dividend as such, could not now set up an objection once waived, and refuse to account to them for their just proportion of the trust fund.

Another objection presented in the answer is, that Manley should have been made a party. In the property assigned were choses in action. The rule as stated by Daniel on Equity Practice, 291, would require in such cases, that the assignor be made a party. As it is stated by Story's Eq. Pl. § 153, it would not require it, if the assignment be absolute, and the extent and validity of it be not doubted or denied, and there be no remaining liability in the assignor to be affected by the decree. But where there are remaining rights or liabilities of the assignor, which may be affected by the decree, there he is not only a proper but a necessary party. In this case the deed of assignment provides, that the creditors, who become parties, shall release their claims, and that any surplus of the trust fund shall be paid to the assignor. It would seem, that in these matters he might have an interest to be affected by the decree ; and in such case according to the authorities most favorable to the plaintiffs, he should be made a party. *Tre-*

*cothick* v. *Austin,* 4 Mason, 41 ; *Hobart* v. *Andrews,* 21 Pick. 532.   But if this difficulty might be avoided, there is another, which, must prevent a decree in favor of the plaintiffs.   Their bill proposes to enforce and carry into effect an assignment of an insolvent debtor, made in trust and for the benefit of those creditors, who should become parties to it. Each is to be paid *pro rata.*   The rights of all will be affected by a decree, which may lessen or enlarge the number of creditors and the amount of debts, on which a dividend may be made.   The proportion of one creditor cannot be determined and extracted from the common fund without deciding upon the proportion, that would be *payable to each of the others,* unless his rights are disregarded.   And all the creditors, who have become parties to the deed of assignment must be made parties to the suit to enable the Court to make a decree, which will adjust all their rights.   Or if one creditor alone files his bill, he must file a creditor's bill, in which he sues not only for himself but for all the other creditors entitled, who may come in and have their rights ascertained and be bound by the decree.   *Weld* v. *Bonham,* 2 Sim. & Stu. 91 ; *Hallett* v. *Hallett,* 2 Paige, 15 ; *Egberts* v. *Wood,* 3 Paige, 517 ; *Wakeman* v. *Grover,* 4 Paige, 23 ; *Bryant* v. *Russell,* 23 Pick. 523.

As all the parties to the deed of assignment have not been made parties to the bill, the Court is not permitted to proceed and make a decree, by which their rights may be essentially affected.   This difficulty · is not however ˙necessarily a fatal one, for the Court may even, at this stage of the proceedings, permit an amendment upon payment of the costs to make the bill conformable to the rules of law.   *Good* v. *Blewitt,* 13 Ves. 397.   A motion for that purpose may be entertained or the bill dismissed.