HARRISON & CALHOON, Respondent, v. SOUTH CARTHAGE MINING COMPANY, Defendant; ISAAC PERKINS, Garnishee, Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. FRAUDULENT CONVEYANCES: Chattel Mortgage: Failure to Record: Subsequent Debts. The failure to record a chattel mortgage renders it invalid as to debts contracted during the time of such failure but will be valid against debts contracted before it was made if recorded before seizure.

2. ———: ———: ———: Judgment. A judgment was based on a claim, part of which was contracted before the making of a chattel mortgage and part of the claim was contracted after such time and before the recording of the mortgage. Held, the whole judgment was unenforcible against the mortgaged property.

3. ———: ———: Judgment: Garnishee's Right. A garnishee has a right to examine into the account upon which a judgment is founded when there is an attempt to enforce the judgment against the mortgaged property.

4. ————: **Attachment: Claim Fraudulent in Part: Arguendo.**
Where a judgment is founded on claims partly fraudulent and
partly not, the whole judgment must fail.

5. **TRIAL AND APPELLATE PRACTICE: Appeal from Justice:**
**Changing Defense: Exception: Jurisdiction.** On an appeal
from the justice court the garnishee by reply to the denial set
up a defense not made before the justice to which the plaintiff
failed to save an exception. *Held,* the appellate court can not
review it; and such proceeding did not oust the circuit court of
its jurisdiction.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

REVERSED.

*McReynolds & Halliburton* for appellant.

(1)   The Fitch mortgage under any circumstances,
was only constructively or legally fraudulent and void,
as to that part of plaintiff's debt contracted between
date of execution, and its being filed for record; and
plaintiffs' judgment including indebtedness contracted
before the execution of said mortgage and as to which
said mortgage, under the finding of facts, was and is
valid, plaintiffs can not hold garnishee for any part of
the judgment and garnishee is entitled to be dis-
charged.   Bank v. Cramer, 78 Mo. App. 475; Estlow
v. Hanna, 75 Mich. 219, 42 N. W. 812; Mayer v. Zingree,
18 Neb. 458, 25 N. W. 727; Mayer v. Evans, 27 Neb.
367, 43 N. W. 107; Dolan v. Armstrong, 35 Neb. 339, 53
N. W. 132; Brewing Co. v. Birmgardner, 5 Pa. District
365; Wilson v. Greenwood, 8 Kulp (Pa.) 210; Ross v.
Behringer, 21 Pa. Co. Ct. 260; Wright v. Ewen, 21
Wkly. Note Cases (Pa.) 111; Stiff v. Fisher, 85 Tex.
556, 22 S. W. 577; Drug Co. v. Drug Co., Wyo. 510,
40 Pac. 979, 42 Pac. 213; 1 Shinn on Attachment, sec.
135, p. 185.   (2)   A judgment is a single and indivis-

ible cause of action, and plaintiffs can not recover upon a part of the judgment. Black on Judgment, sec. 735; Burnett v. Crandall, 63 Mo. 410; Beardsley v. Morgnar, 73 Mo. 22; Loomis v. Robinson, 76 Mo. 488; Bank v. Noonan, 88 Mo. 372; Leonard v. Railway, 68 Mo. App. 48. (3) Under the homestead laws, it is held that where a running account part of which accrued prior to the acquiring of homestead and part after, is consolidated in one judgment, that the homestead will be exempt from sale under execution on such judgment. Thompson on Homesteads (1 Ed.), sec. 295; Bachman v. Crawford, 3 Humph. 213; Griswold v. Johnson, 22 Mo. App. 466. (4) Where plaintiff includes in his judgment items of account as to which conveyance is valid with items of account as to which it is fraudulent. He can not attack the conveyance as being fraudulent as to said judgment. Miller v. Miller, 39 Amer. Dec. 598; Usher v. Hazeltine, 17 Amer. Dec. 254; Quimby v. Dill, 40 Maine 528; Baker v. Gilman, 52 Barb. 26.

*H. T. Harrison* and *H. J. Green* for respondent.

(1) As to the second proposition, the appellant after he has violated the statute by withholding his chattel mortgage from the record for over three months and the plaintiffs are selling goods to the South Carthage Mining Company (a corporation) believing them to own the property unincumbered, now seems to think because we brought suit and obtained a judgment for the full amount of the indebtedness due from the South Carthage Mining Company, and failed to remit all of that judgment except what had accrued between the date of the chattel mortgage and the date of the filing thereof, that we should not be allowed to recover anything from the garnishee; that it is void because Perkins had not adduced the whole credit. We fail to see how Perkins can claim advantage of his own wrong, our judgment being a legal and valid judgment and would take whatever

property Perkins had in his hands belonging to the South Carthage Mining Company not exceeding the amount of $175.25, the amount of said judgment. And the court finds that there was in his hands the sum of $134.12, with six per cent interest, making a total of $160.55 on April 4, 1903. Appellant seems to go on the theory that this is the property of Perkins, the appellant and garnishee. But we submit that this question was passed upon in this case reported in 95 Mo. App. 80 in this very case. (2) When the appellant filed his reply in this case, which originated in the justice of the peace court, was tried in the circuit court and in this court, at the March term, 1903. The plaintiff filed motion to strike it from the files for the reason the court had no jurisdiction, it was a variance and departure from the original case and inconsistent therewith. The same objection was made to the introduction of any evidence thereunder, which was overruled. We now raise the same proposition in this court as it goes to the jurisdiction. R. S. 1899, sec. 3461, justice practice for the filing of interrogatories; R. S. 1899, sec. 3463, garnishee may file answer; R. S. 1899, sec. 3465, plaintiff may deny the answer of the garnishee; R. S. 1899, sec. 3467, these issues shall be tried as ordinary issues; R. S. 1899, sec. 3468; R. S. 1899, secs. 3455 and 3456; R. S. 1899, sec. 4077; Blackstone v. Railway, 44 Mo. App. 555; R. S. 1899, sec. 4079. (3) No amendment can be made in circuit court on appeal from the justice court which changes the cause of action. Evans v. Railway, 67 Mo. App. 255; Brennan v. McMannamy, 78 Mo. App. 122; Pallen v. Bogy, 78 Mo. App. 96; Evans v. Railway, 67 Mo. App. 255; Gurley v. Railway, 93 Mo. 445.

ELLISON, J.—Plaintiffs obtained a judgment against defendant before a justice of the peace and had an execution issued thereon. The officer garnished the present garnishee who denied owing defendant. On ap-

peal to the circuit court judgment was rendered against the garnishee.

Defendant gave a chattel mortgage to one Mrs. Fitch, the garnishee's daughter, he transacting the business for her. Both of them neglected to record it for near three months. She assigned it and the note it secured, to the garnishee, and he then on the same day filed it for record. Afterwards, he took possession of the property, foreclosed the mortgage and bought in the property. It is this property which plaintiffs seek to reach by the garnishment, they claiming the mortgage to be invalid as to them, on account of not having been recorded. The case was here on a former appeal (95 Mo. App. 80) when we held that where a mortgagee neglects to record his chattel mortgage for a period of time and a creditor extends credit to the mortgagor between the time it is executed and the time it is recorded, it is void as to such creditor, when he attacks it by proper process or proceedings.

The garnishee now sets up, and the court found it to be a fact, that while a part of plaintiff's claim against defendant upon which they obtained judgment accrued during the time the mortgage was by neglect kept off the record, yet a substantial part thereof accrued *before* the execution of the mortgage.

The law is that a chattel mortgage kept off the record (though by mere neglect) is invalid as to debts contracted while it is off. But, in this State (though not so in some other jurisdictions) it is valid as to debts contracted before it was made, if recorded before seizure. We so decided on the former appeal. 95 Mo. App. 80. It thus appears that plaintiffs' judgment, upon which the garnishment is based, is made up in part of a valid claim against the mortgaged property in the garnishee's possession, and in part of an invalid claim. How does the law affect such state of facts?

In our opinion, it exempts the mortgaged property from the whole of plaintiffs' judgment. It would cer-

tainly be most unjust to permit a creditor with two claims, one valid and the other invalid as against another creditor, to recover both by the mere act of putting them into one judgment against the debtor. When he does it, the invalid claim, in law, makes the whole judgment unenforcible as against the other creditor.

In instances where a conveyance of property is invalid as to existing creditors, but is valid as to subsequent creditors (such as mere voluntary conveyances) it has been frequently determined that a judgment creditor, where the sum in judgment is made up of both existing and subsequent claims, must be considered a subsequent creditor and the conveyance valid as to the judgment. Reed v. Woodman, 4 Maine 400. "If a creditor, having demands accruing partly before, and partly after a conveyance by his debtor, which he would impeach, on the ground of fraud, blends them in one suit, and, having recovered judgment, extends his execution on the land; he can come in only in the character of a *subsequent* creditor." Quimby v. Dill, 40 Maine 528. The same rule of law is stated in Miller v. Miller, 23 Maine 32 and in Usher v. Hazeltine, 5 Greenleaf 471, as well as in Baker v. Gilman, 52 Barb. 26. In the Miller case, it was decided to be the right of the grantee in the conveyance attacked by the judgment creditor, to examine into the account upon which the judgment was founded so as to see whether he had a right to question it.

And so, too, it seems quite well established, and this court has so decided, that where an attachment, on the ground that the debt sued for was fraudulently contracted on the part of the debtor, is made on claims, part of which were fraudulently contracted and part not, the whole attachment fails. Bank v. Cramer, 78 Mo. App. 476; Estlow v. Hanna, 75 Mich. 219; Mayer v. Zingree, 18 Neb. 458; Mayer v. Evans, 27 Neb. 367; Stiff v. Fisher, 85 Tex. 556. And so we recognized the rule in

Mackey v. Hyatt, 42 Mo. App. 443, though we did not consider that case as within the reason of it.

It appears that plaintiffs filed before the justice of the peace a denial of the garnishee's answer and that after the cause reached the circuit court on appeal, the garnishee filed what is termed a "reply to denial of answer," to the interrogatories, in which is set up a defense not made before the justice. Plaintiffs claim that this was improper and not allowable on the ground that the statute provides that the same action and no other shall be tried on appeal that was tried before the justice. And that it violated all the rules of procedure. as to proceeding in garnishment. Without saying anything as to the merits. of these contentions, it is enough to refer to the fact that, so far as the abstract of record shows, there was no objection or exception made to this and in consequence we can not notice it.

But plaintiffs, perhaps, anticipating what we have just said, take the position that the point goes to the jurisdiction of the court. In this we have no doubt they are in error. We can see no possible reason preventing the circuit court from having jurisdiction of the case as it stood with the garnishee's reply.

The whole record discloses that the judgment was for the wrong parties and it is accordingly reversed. All concur.