FIRST STATE BANK OF BUFFALO, Appellant, v.
GOODRICH et al, Respondents.

(195 N. W. 1022.)

(File No. 5353.    Opinion filed December 4, 1923.)

1. **Chattel Mortgages—"Creditor" Does Not Cease to Be Such, as Respects Lapsed Mortgage, by Taking Security.**

   Under Section 1587, Rev. Code 1919, a creditor who takes security for his debt after a chattel mortgage thereon has

lapsed, and who thereby becomes a "subsequent incumbrancer," does not cease to be a creditor, and his knowledge of the existence of the lapsed mortgage is immaterial.

2.    Chattel Mortgages—Word "Incumbrance" in Statute Means "Incumbrancers."

In Rev. Code 1919, Sec. 1587, as to unrenewed chattel, a mortgage ceased to be valid as against creditors of the mortgagor and subsequent purchasers or incumbrances in good faith, the word "incumbrances" means incumbrancers, the error being a typographical one.

Appeal from Circuit Court, Harding County; HON. W. F. EDDY, Judge.

Action by the First State Bank of Buffalo against Gilbert G. Goodrich and Evelyn Theis. From judgment against the first-named defendant but in favor of last-named defendant, and from order denying new trial, plaintiff appeals. Judgment and order affirmed.

*Dan McCutchen,* of Belle Fourche, for Appellant.

*Walter D. Hickman,* of Lemmon, for Respondent.

Appellant cited: Rev. Code 1919, Sec. 1587; 5 R. C. L. 420; Ann. Cas. 1912C, 80; Schloss v. Feltus (Mich.), 61 N. W. 797; Peoples Savings Bank v. Bates, 120 U. S. 556, 30 U. S. (L. ed.) 754; Commercial National Bank v. Pirie, 82 Fed. 799; Tootle v. Bank of Chadron (Nebr.), 52 N. W. 396; Smith v. Moore, 112 Iowa 60, 83 N. W. 813; Bybee v. Hawkett (C. C.), 12 Fed. 649; Alexander v. Cadwell, 55 Ala. 517; Anthe v. Heider, 85 Ala. 236, 4 South. 380; Gilchrist v. Gough, 63 Ind. 576, 30 Am. Rep. 250; Schumpert v. Dillard, 55 Miss. 348; Reeves v. Evans, 34 Atl. 477; Manhatten Co. v. Evertson, 6 Paige (N. Y.) 457; Donaldson v. State Bank, 16 N. C. 103, 18 Am. Dec. 577; Sweeney v. Bixler, 69 Ala. 539; Martin v. Bowen, 51 N. Y. Eq. (6 Dick.) 452; DeLancey v. Stearns, 66 N. W. 157; Spurlock v. Sullivan, 36 Tex. 511; 27 Cyc. 1911, note 52; Woodburn v. Chamberlain, 17 Barb. (N. Y.) 446; Matthews v. Kennedy, 113 Ga. 378, 38 S. E. 854; Tiffany v. Warren, 37 Barb. (N. Y.) 571; Thompson v. Van Vechten, 27 N. Y. 568; Jones v. Graham, 77 N. W. 628; Zimmer v. Wheeler, 2 N. Y. St. Rep. 326; Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266, 5 R. C. L. No. 85, 449.

Respondent cited: Thresher Company v. Young, 25 S. D.

212; Farmer's & Merchant's Bank v. Citizen's Nat. Bank, 25 S. D. 91; Horton v. Wright (N. D.), 162 N. W. 939.

GATES, J.   Plaintiff bank's chattel mortgage upon property of defendant Goodrich had been on file three years on January 25, 1922.   The bank had neglected to take the steps pointed out by section 1587, Rev. Code 1919, in order to effect a renewal thereof, and such mortgage therefore ceased to be valid as against creditors and as against subsequent incumbrancers in good faith.   On January 30, 1922, Goodrich executed to defendant Theis a chattel mortgage on the same property, which was filed shortly thereafter.   In August following plaintiff brought this action to foreclose its mortgage and have it declared a superior lien to that of the Theis mortgage.   The court made findings to the effect that on January 30, 1922, Goodrich was indebted to Theis in the sum of $3,275 upon certain promissory notes and accounts long past due; that on that date he executed to Theis his promissory note for $4,104, secured by chattel mortgage; that Theis had no knowledge of plaintiff's mortgage and was a "subsequent incumbrancer in good faith."   Judgment was entered against Goodrich for the amount of plaintiff's mortgage, but establishing the Theis mortgage as paramount to that of plaintiff. From the judgment and order denying new trial, plaintiff appeals.

[1]   The case was tried and is here argued upon the theory that Theis, by taking a mortgage to secure her pre-existing claims, became a "subsequent incumbrancer" within the meaning of said section 1587, and therefore that, in order to have the lien of her mortgage held superior to that of the bank, she must have been an incumbrancer in good faith—that is, without knowledge of the bank's mortgage.   If Mrs. Theis had advanced money at the time her mortgage was given beyond the amount of the pre-existing debt, then as to such excess the theory upon which the case was tried would have been applicable, but inasmuch as her mortgage was only held valid for the amount of the pre-existing debt such theory is inapplicable.

Mrs. Theis was a creditor of Goodrich and had been for a period antedating the bank's mortgage.   As to her the bank's mortgage ceased to be a lien on January 26, 1922.   It was immaterial whether or not she knew of the bank's mortgage.   In either event she could have reduced her claims to judgment and by levy

of execution obtained a lien on the property superior to that of the bank, or, if grounds for attachment had existed, she could have levied attachment with like result, and she lost none of her rights by thereafter taking a mortgage to secure her claims. While she did become a subsequent incumbrancer, she did not cease to be a creditor. This question is more fully discussed in First Nat. Bank v. Magner, 47 S. D. 80, 195 N. W. 1020, in which the opinion is this day handed down, and to which reference is made.

We may add that we had considered the appeal upon the theory advanced by appellant, and had unanimously agreed to an affirmance before considering the Magner case, but by reason of the decision in that case we do not discuss this case upon appellant's theory.

[2] We note that in the third line of said section 1587, Rev. Code 1919, the word "incumbrancers" appears as "incumbrances." From the whole section we perceive no intent of the Code Commission, nor of the Legislature, to change that section from what it had theretofore been, and we therefore conclude that the apparent change was a typographical error.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 1022. See, Headnote (1), American Key-Numbered Digest, Chattel mortgages, Key-No. 155, 11 C. J. 236 (see 1925 Anno.); (2) Chattel mortgages, Key-No. 154, 11 C. J. Sec. 233.

On failure to renew chattel mortgages as affecting purchaser or encumbrancer of property before lien of mortgage had expired, see note in 47 L. R. A. (N. S.) 668.