GUARANTY STATE BANK OF CLAREMONT, Respondent,
v. LAWRENCE, et al, Appellants.

(211 N. W. 801.)

(File No. 5910.   Opinion filed January 28, 1927.)

1. **Chattel Mortgages—Failure to Renew Chattel Mortgage Within Three Years from Filing Does Not Give Subsequent Mortgage Filed Within Three Years Priority (Rev. Code 1919, § 1587).**

   Chattel mortgage taken within three years after filing of prior mortgage does not take priority because of failure to renew prior mortgage within three years from date of filing, in view of Rev. Code 1919, § 1587.

2. **Chattel Mortgages—Creditor Cannot Acquire Priority Over Holder of Mortgage Not Renewed Within Three Years Until It Has Specific Interest in Property by Levy (Rev. Code 1919, § 1587).**

   Mortgagee, under chattel mortgage taken, while prior mortgage was on file and unsatisfied, within three years after filing of prior mortgage, for debt existing previous to prior mortgage, could not acquire priority as creditor, where prior mortgage was not renewed within three years, until it had specific interest in property by means of levy, in view of Rev. Code 1919, § 1587.

3. **Chattel Mortgages—By Taking Mortgage After Expiration of Three Years, Creditor of Mortgagor May Acquire Rights Superior to Holder of Unrenewed Mortgage (Rev. Code 1919, § 1587).**

   Where creditor of mortgagor takes mortgage after expiration of three years, or secures specific interest in property mortgaged by levy made after that time, he may acquire rights superior to those of holder of unrenewed mortgage, in view of Rev. Code 1919, § 1587.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Chattel mortgages, Key-No. 154, 11 C. J. Sec. 233; (2) Chattel mortgages, Key-No. 197(1), 11 C. J. Sec. 192; (3) Chattel mortgages, Key-No. 154, 11 C. J. Sec. 233.

Appeal from Circuit Court, Brown County; Hon. ROBERT D. GARDNER, Judge.

Action by the Guaranty State Bank of Claremont against W. E. Lawrence and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, with directions.

*Campbell & Lundberg,* of Groton, for Appellants.
*Campbell & Fletcher,* of Aberdeen, for Respondent.

MORIARTY, C. This action was brought by the respondent, Guaranty State Bank of Claremont, to foreclose a chattel mortgage covering certain property owned by the appellant Lawrence. The case was tried to the court without a jury. The trial court made findings and conclusions favorable to the plaintiff and entered judgment accordingly. From this judgment and from an order denying a new trial this appeal is taken.

The facts are undisputed and are as follows: On September 21, 1920, W. E. Lawrence was indebted to the appellant Brown County Banking Company in the sum of $2,520, and on that date he executed a promissory note for that amount, payable to said Brown County Banking Company. On that date he also executed a chattel mortgage to secure the payment of said note. This mortgage was regular in form, and was duly filed on September 22, 1920. This debt has never been paid, nor has the said chattel mortgage ever been released or discharged. No affidavit of renewal of said mortgage was ever filed in accordance with the provisions of section 1587, Revised Code of 1919.

On July 20, 1922, defendant Lawrence was indebted to the respondent, Guaranty State Bank of Claremont, in the sum of $450, and on that date he gave to said respondent a note for that amount, and to secure said note executed a chattel mortgage covering the same property covered by the appellant's mortgage. This mortgage given to respondent was regular in form and was duly filed on the 25th day of July, 1922. This note and mortgage were given on a debt which existed before the date of appellant's mortgage. Respondent's mortgage does not contain any provision making it subject to appellant's mortgage.

Respondent began this action to foreclose its mortgage and the appellant in its answer claimed the property, alleging that its lien is superior to that of respondent. The respondent had not reduced its claim to judgment or in any way establishd any lien or charge upon the property, except such as it may have by virtue of its mortgage. The trial court found the lien of respondent's mortgage dated in July, 1922, to be superior to that of appellant's mortgage dated September 21, 1920, and filed September 22, 1920.

The sole question presented by this appeal is whether the trial court erred in this conclusion.

Section 1587, R. C., before its amendment in 1925 (Laws 1925, c. 109), provided:

"A mortgage of personal property ceases to be valid as against creditors of the mortgagor, and subsequent purchasers or incumbrances in good faith, after the expiration of three years from the filing thereof."

—unless the proceedings for renewal are taken.

In support of its judgment the respondent contends that the conclusions of the trial court are right on either of two theories: First, that its mortgage became a valid lien on the property as soon as appellant allowed the statutory time for filing a renewal affidavit to elapse without complying with the renewal statute; second, that, if it be held that its mortgage did not become a lien, respondent was a creditor of the defendant Lawrence prior to the execution of appellant's mortgage, that the debt then due from Lawrence is still unpaid, and that as such creditor its claim is superior to that of appellant, even without a mortgage to support it.

[1]   The decisions of this court have fully established the law of this state upon both of these propositions. A chattel mortgage, taken while a prior mortgage is on file and unsatisfied and taken within three years after the filing of such senior mortgage, does not take priority over such senior mortgage because of failure to renew the same within three years from its filing.   Catlett v. Stokes, 33 S. D. 278, 145 N. W. 554; Slimmer v. Meade County Bank, 34 S. D. 147, 147 N. W. 734; Wade v. Strachan, 72 Mich. 459, 39 N. W. 582; Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Nix v. Wiswell, 84 Wis. 334, 54 N. W. 620.

[2, 3]   As to the claim that respondent has rights as a creditor superior to those of appellant, that contention is without merit. Both parties are admitted to be creditors of Lawrence.   Allowing appellant's mortgage to go unrenewed did not terminate appellant's status as a creditor. How then can the mere fact that respondent is also a creditor give it any priority over the appellant?  Respondent, as a creditor merely, cannot acquire any such priority until it has secured a specific interest in the property by means of a

levy.    Cobbey on Chattel Mortgages, § 774.; Thresher Co. v.
Young, 25 S. D. 212, 126 N. W. 245, Ann. Cas. 1912B, 1101;
Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533.
By taking a mortgage after the expiration of the three years, or
by securing a specific interest in the property by levy made after
that time, a creditor of the mortgagor may acquire rights superior
to those of the holder of the unrenewed mortgage.    First National
Bank v. Magner, 47 S. D. 80, 195 N. W. 1020; Bank v. Goodrich,
47 S. D. 85, 195 N. W. 1022.    Respondent has not brought itself
within any of these requirements.    The case comes within the de-
cision in Slimmer v. Meade County Bank, supra.

The judgment and order appealed from are reversed, and the
trial court is directed to enter judgment in favor of the defendants,
appellants herein.

CAMPBELL, P. J., disqualified and not sitting.