POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.

---

BROWN GRAIN CO., Appellant, v. COUGHLIN, Respondent.

(220 N. W. 151.)

(File No. 5902. Opinion filed June 30, 1928.)

 

*Theodore N. Feyder,* of Sioux Falls, for Appellant.

MORIARTY, C. On July 18, 1921, John J. Harrington signed a promissory note for $6,500, payable to the order of the Brown Grain Company, the appellant herein. On the same date he executed a chattel mortgage to secure the debt evidenced by the said note. The chattel mortgage was regular in form, and mortgaged a certain grain elevator, with coal sheds attached and all scales, tools, and machinery kept in and used in connection with the said elevator and coal sheds. The aforesaid elevator and coal sheds were located on the right of way of the Chicago & Northwestern Railway Company, and were the personal property of the mortgagor. The note and mortgage were duly delivered to the mortgagee, but the mortgage was not filed until the 28th day of September, 1921. John J. Harrington, the mortgagor, died on September 18, 1921, ten days before the filing of the mortgage.

On October 18, 1921, J. H. Coughlin, the respondent herein, was duly appointed administrator of the estate of John J. Harrington, deceased. He immediately qualified as such administrator, and has been such administrator at all times since said date of appointment.

Between October 18, 1921, and June 19, 1922, claims aggregating the sum of $3,118.28, not including appellant's note, were filed with the administrator and by him allowed as valid claims against the estate of John J. Harrington, deceased. The property of said estate was insufficient to pay in full the claims allowed as aforesaid.

On July 21, 1923, the debt secured by its mortgage being due and unpaid, the Brown Grain Company began this action to foreclose the said chattel mortgage.

The administrator answered, setting up as defenses that the chattel mortgage sought to be foreclosed was not filed until after the death of the mortgagor, that claims aggregating $3,118.28, and

exclusive of that secured by the plaintiff's chattel mortgage, had been filed with the administrator and allowed by him as valid claims against the estate of John J. Harrington, deceased, and that the said estate was insolvent.

The case was tried to the court, without a jury, and the court found the facts to be as above stated.

From these facts the trial court made its conclusion of law that the plaintiff's mortgage was void as against the administrator and the creditors having claims allowed against the estate of the mortgagor, and, pursuant to such conclusion the trial court entered judgment for the defendant administrator. From this judgment and from an order denying a new trial, this appeal is taken.

The sole question presented to this court is raised by an assignment that the trial court erred in its conclusion that appellant's mortgage is void as against the defendant administrator and the holders of claims allowed against the estate.

As between the mortgagor and the appellant, the chattel mortgage sued upon was good without filing. The administrator has no rights as against the mortgage except those which the mortgagor would have if living. So far as other creditors are concerned, any rights which they may have against the mortgage must be such as arise from their own status as creditors, and not from the fact that the mortgagor is dead.

The good faith of the mortgage is not questioned. The only reason given for holding it void is that it was not filed promptly. The effect of delay in filing a chattel mortgage was very fully and exhaustively discussed by this court in the opinion in Hollenbeck v. Louden, 35 S. D. 320, 152 N. W. 116. In that decision the law of this state upon this question is clearly defined.

Where there has been delay in the filing of a chattel mortgage, and where no fraud is involved, creditors of the mortgagor are divided into distinct classes in so far as their rights as against such mortgage are concerned. In the first class are those creditors whose claims originated before the giving of the mortgage. In the second class are those who became creditors while the mortgage was being withheld from record. As to these two classes of creditors, the opinion in Hollenbeck v. Louden, supra, says:

"As to creditors of the first class, such a mortgage is conditionally void; the condition being that the creditor must acquire

some lien on the mortgaged property prior to the filing of the mortgage. Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; Jones on Chattel Mortgages, § 245; Harrison v. South Carthage Mining Co., 106 Mo. App. 32, 79 S. W. 1160. As to creditors of the second class, such mortgage is absolutely void."

The numerous authorities cited in that decision amply support the holding of this court, and it is needless to cite them here.

That a creditor, merely as such, acquires no priority as against a chattel mortgage, until he has secured a specific interest in the mortgaged propery by means of a levy, has been reaffirmed by this court since the decision in the Hollenbeck Case. Guaranty State Bank of Claremont v. Lawrence, 51 S. D. 33, 211 N. W. 801.

In the instant case Harrington's death gave his creditors no specific interest in the mortgaged property. The mortgage was filed before the appointment of the administrator, and long before the presentation of any claim against the estate. The rule laid down in Hollenbeck v. Louden, supra, controls in the instant case. Only those creditors who became such while the appellant's mortgage was withheld from record take priority over the lien of the mortgage. The trial court made no effort to distinguish between the different classes of claims. In this the learned trial court committed reversible error.

The judgment and order appealed from are reversed, and the case is remanded, with instructions to the trial court to determine the date when each claim allowed against the estate of John J. Harrington originated, to make findings accordingly and to enter judgment giving priority over the appellant's chattel mortgage to such claims as originated between the execution of said mortgage and the date of its filing, and holding all other claims and the rights of the administrator to be subject to the lien of the mortgage.

In case this can be done from the evidence already submitted, no new trial will be necessary; otherwise the trial court will take such further proceedings as the case may require.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.