RANEY, Appellant, v. RIEDY, Respondent

(16 N. W.2d 194.)

(File No. 8707. Opinion filed November 10, 1944.)

**Frank P. Kinney,** of Lemmon, for Plaintff and Appellant.
**F. J. Reeder,** of Lemmon, for Defendant and Respondent.

SMITH, J. This action is between the holder of a chattel mortgage and the administrator of the deceased mortgagor, and involves the proceeds of the sale of the mortgaged property. On the theory that the mortgage ceased to be valid as against creditors six years after the date of its filing in the office of the register of deeds, the court awarded the proceeds to the administrator. The plaintiff, the holder of the mortgage, has appealed.

The mortgage in question was delivered and filed on the 13th day of April, 1935. The mortgagor died intestate on the 29th day of December 1942. Thereafter defendant was appointed and qualified as administrator of the estate of the mortgagor and took possession of the mortgaged property which had theretofore been in the possession of the mortgagor. After the holder of the mortgage had instituted foreclosure proceedings, it was agreed that the property should be sold and the proceeds deposited with the clerk of courts to abide the outcome of the litigation. The administrator asserted in his answer that the mortgage is void under SDC 39.0411. The insolvency of the estate was not pleaded, established, nor found by the court. In fact, the record fails to reveal whether the deceased had creditors or whether claims had been allowed in the probate proceeding.

It is provided by SDC 39.0411 that: "A mortgage of personal property ceases to be valid as against creditors of the mortgagor, and subsequent purchasers, or incumbrancers in good faith after the expiration of six years from the filing thereof." Under the holdings of this court, neither the failure to file a mortgage, as provided by SDC 39.0408, nor the expiration of the six-year period described in the quoted statute, renders the mortgage absolutely void as against all creditors of the mortgagor. Only in the case of a creditor, who has extended credit while a mortgage is withheld from record, has it been held to be absolutely void. Hollenbeck v. Louden, 35 S. D. 320, 152 N. W. 116. In other circumstances, and under both statutes, it has been settled that the mortgage is but conditionally void as to general creditors and that a creditor must arm himself with a levy under attachment or execution, or acquire a lien on the property before he can attack the validity of the mortgage. Bark-

ley v. Boardman, 53 S. D. 556, 211 N. W. 268; Aultman Engine & Thresher Co. v. Young, 25 S. D. 212, 126 N. W. 245, Ann. Cas. 1912B, 1101; First National Bank v. Magner, 47 S. D. 80, 195 N. W. 1020; First State Bank v. Goodrich, 47 S. D. 85, 195 N. W. 1022; Guaranty State Bank v. Lawrence, 51 S. D. 33, 211 N. W. 801; and Brown Grain Co. v. Coughlin, 53 S. D. 66, 220 N. W. 151.

In other jurisidctions, under similar statutes, it has been held that the administrator or executor of a deceased mortgagor may attack an unfiled or unrenewed mortgage for the benefit of general creditors if the estate is insolvent. It is the view of these courts that an administrator of such an insolvent estate is in the position of a creditor armed with a levy under process. This view has been well exemplified in Wasatch Livestock Loan Co. v. Nielson et al., 90 Utah 307. 56 P. 2d 613, and in Blackman v. Baxter, Reed & Co., 125 Iowa 118, 100 N. W. 75, 70 L. R. A. 250, 2 Ann. Cas. 707. It has been stated that the weight of authority supports this view. 10 Am. Jur. 784, § 107. But see 14 C. J. S., Chattel Mortgages, p. 739, § 134. The cases are reviewed in Leffek v. Luedeman, 95 Mont. 457, 27 P. 2d 511, 91 A. L. R. 299. The opposing view is clearly presented in Graham v. Perry, 200 Wis. 211, 228 N. W. 135, 68 A. L. R. 267, and in the dissenting opinion in Blackman v. Baxter, Reed & Co., supra. See 1 Jones Chattel Mortgages and Conditional Sales § 240.

These authorities were urged but not discussed in Brown Grain Company v. Coughlin, supra. That action was between a mortgagee and the administrator of the insolvent estate of the mortgagor and involved a mortgage which had been withheld from record until after the death of the mortgagee. The opinion recognizes the right of the administrator to attack the mortgage in the right of creditors whose claims originated while it was withheld from record, as to whom it was absolutely void. In dealing with creditors as to whom the mortgage was conditionally void while unfiled, it was there said [53 S. D. 66, N. W. 152]: "As between the mortgagor and the appellant, the chattel mortgage sued upon was good without filing. The administrator has no rights as against the mortgage except those which the mortgagor would have if living. So far as other creditors are concerned,

any rights which they may have against the mortgage must be such as arise from their own status as creditors, and not from the fact that the mortgagor is dead." And it was further written: "In the instant case Harrington's death gave his creditors no specific interest in the mortgaged property. The mortgage was filed before the appointment of the administrator, and long before the presentation of any claim against the estate." Whether the general creditors would have gained such a right or hold upon the mortgaged property as would have supported a defense by the administrator in their right, if their claims had been allowed before the mortgage was placed of record, was not decided.

■ Support for the judgment below cannot be found in these authorities. Obviously, if the estate of the above named deceased is solvent, the result of the judgment below is to invalidate the mortgage for the benefit of the heirs of the mortgagor. The mortgage did not cease to be valid as against the heirs of the mortgagor. In Wasatch Livestock Loan Co. v. Nielson, supra [90 Utah 307, 56 P. 2d 619], the court said: "That an administrator may not, for the benefit of heirs, attack a mortgage which would have been binding upon his intestate if he were alive is quite generally recognized. The attack is allowable, if at all, only in the event the estate is insolvent because it is only in such case that the interests of the general creditors and the interest of a mortgagee come in conflict." It follows, we think, that if the administrator can defend against the foreclosure of such a mortgage in the right of creditors as against whom it is rendered conditionally void under the cited statutes, a question we need not and therefore do not decide, he must allege and prove the insolvency of the estate. And we think it further follows, in view of the silence of the record on the subject of the existence of claims against the estate, that the trial court erred in rejecting the requests of the plaintiff for findings, conclusions, and judgment.

The judgment of the trial court is therefore reversed.

All the Judges concur.