RANEY, Appellant, v. RIEDY, Respondent

(23 N. W.2d 809.)

(File No. 8849. Opinion filed July 15, 1946.)
Rehearing denied August 19, 1946.

**Frank P. Kinney,** of Lemmon, for Appellant. .
**F. J. Reeder,** of Lemmon, for Respondent.

SMITH, J. This is the second appeal in this action between the holder of a chattel mortgage and the administrator of the estate of the deceased mortgagor. On the first trial the court awarded the proceeds of the sale of the mortgaged property in the amount of $719.25 to the administrator on the theory that the mortgage had ceased to be valid as against creditors of the deceased mortgagor because more than six years had elapsed since the filing thereof. Cf. SDC 39.0411. The insolvency of the estate was neither pleaded nor proved. The judgment was reversed for the reason that in the absence of a showing of insolvency the administrator could not assail the chattel mortgage on the ground that it was void as against creditors. Raney v. Riedy, 70 S. D. 174, 16 N. W.2d 194. A retrial was had under an amended answer in which the insolvency of the estate was alleged. The trial court found the estate to be insolvent and again entered judgment for the administrator. The holder of the mortgage has appealed.

The plaintiff, holder of the mortgage, complains because the trial court retried the cause. The judgment of this court reads: "It is considered, ordered and adjudged, that the judgment of the Circuit Court, within and for Perkins County, appealed from herein, be and the same is hereby reversed." In Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84, it was held that it is the duty of the court to retry an action where the mandate merely orders a re-

versal of a judgment without any other direction. In Butler Bros. v. Mason et al., 52 S. D. 349, 217 N. W. 510, 511, this court said, "* * * whenever the circumstances are such that the cause should not be retried, this court will clearly indicate its opinion to that effect." In Janssen v. Tusha, 67 S. D. 597, 297 N. W. 119, 120, this court said, "The mandate of this court ordering a reversal of a judgment without other direction nullifies the judgment, findings of fact, and conclusions of law, and leaves the case standing as if no judgment or decree had ever been entered." The trial court did not err in ordering a retrial.

 It is contended that the trial court erred in allowing the administrator to serve an amended answer alleging the insolvency of the estate, because the record discloses that the administrator was fully informed as to the condition of the estate at the time of the first trial. A motion to amend is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal, except in case of a clear abuse of discretion. F. M. Slagle & Co. v. Bushnell, 70 S. D. 250, 16 N. W.2d 914, 156 A. L. R. 1070. Such an amendment may be allowed after an action has been reversed on appeal. Janssen v. Tusha, supra; Stoefen v. Brooks, 67 S. D. 591, 297 N. W. 116. Under the mandate of this court, the trial court was duty bound to retry the cause. The amendment was sought in the interest of the creditors of the estate. In the circumstances, we think that it was not unreasonable for the trial court to conclude that justice would be served by allowing the amendment.

The record of the county court in the estate of the deceased mortgagor was received in evidence. Among other instruments it included (1) the inventory and appraisement, (2) the claims filed by creditors, (3) a special account by the administrator showing his receipts and expenditures, the names of the creditors and the amount due each creditor, and (4) an ex parte order of the county court reading as follows, "Ordered and adjudged that the said report of the Administrator Wm. Riedy is approved and allowed; that the creditors as set forth in said report are due and owing the total amount of $3926.36 and there are not sufficient

assets * * * to pay other than pro rata; * * *." The finding
of insolvency of the estate rests upon the testimony of the
administrator and the above described exhibits. The plain-
tiff offered no testimony on the issue of insolvency. We un-
derstand the plaintiff to contend that the record of the
probate court is without probative force because the county
court failed to adjudicate the insolvency of the estate by
entering a decree, after due notice and hearing, under SDC
35.1426 reading in part as follows, "Upon the settlement of
the accounts of the executor or administrator at the end of
the year as required in this title, the court must·make a
decree for the payment of the debts as the circumstances of
the estate require. If there be not sufficient funds in the
hands of the executor or administrator, the court must speci-
fy in the decree the sum to be paid to each creditor. * * *"

 The testimony of the administrator in connection
with his special account evidenced the assets and the ex-
penses of the estate. The special account of the administra-
tor and the quoted ex parte order of the county court, in
our opinion, were the equivalent of an approval of the listed
claims of creditors by the administrator and the county
judge. Such an approval of the claim of a creditor by the
administrator and the judge of the county court is not con-
clusive, but it serves to rank the claim as one of the ac-
knowledged debts of the estate. SDC 35.1410; In re Gooder's
Estate, 68 S. D. 415, 3 N. W.2d 478; 3 Bancroft's Probate
Practice § 852. Where the financial condition of the estate
is drawn in question, we think it would be illogical and
unreasonable not to receive the estate's record of duly
acknowledged claims as prima facie evidence of the estate's
indebtedness. We therefore hold that the administrator
made a prima facie showing that the assets of the estate
were insufficient to discharge its expenses and the approved
claims of creditors.

The remaining question is whether the administrator of
an insolvent estate may defend against a chattel mortgage
on the ground that it is void as against the creditors of the
estate under SDC 39.0411 reading as follows: "A mortgage
of personal ceases to be valid as against creditors of the
mortgagor, and subsequent purchasers, or incumbrancers in

good faith after the expiration of six years from the filing thereof." It is undisputed that more than six years had elapsed since the filing of the mortgage at the time of the death of the mortgagor on December 29, 1942.

The authorities are in conflict. They are collected in an annotation in 91 A. L. R. 299. To the cases there considered, the case of Wasatch Livestock Loan Co. v. Nielson, 90 Utah 307, 56 P.2d 613, should be added. That case exemplifies the majority view that an executor or administrator of an insolvent estate may assail, in the right of creditors, a mortgage which is void as againts creditors. The opposing view is presented in Graham v. Perry, 200 Wis. 211, 228 N. W. 135, 68 A. L. R. 267.

██ The question will be considered against a background of settled law. Notwithstanding the six-year limitation fixed by the statute has run, the mortgage subsists as a valid lien as against the mortgagor, his heirs and legatees, and it is generally held to be binding upon the executor or administrator of his estate. Raney v. Riedy, supra; and Brown Grain Co. v. Coughlin, 53 S. D. 66, 220 N. W. 151. Although the statute declares that the mortgage ceases to be valid as against creditors of the mortgagor after the expiration of six years, and actually renders the mortgage invalid as against all of the creditors of the mortgagor after the limitation has run, cf. First National Bank v. Magner, 47 S. D. 80, 195 N. W. 1020, nevertheless, it is settled that a creditor is not in a position to assert the invalidity of the mortgage until he has acquired a specific interest in the property described therein. Guaranty State Bank of Claremont v. Lawrence, 51 S. D. 33, 211 N. W. 801, and Barkley v. Boardman, 53 S. D. 556, 221 N. W. 268.

It is conceded that the creditors of the deceased mortgagor had not acquired a specific interest in the described property during the life of the mortgagor and this court has held that no such interest arises by reason of the death of the mortgagor. Brown Grain Co. v. Coughlin, supra. Hence, if the rules of law to which we have adverted obtain after the death of an insolvent mortgagor, it follows that the administrator cannot assert the invalidity of the mort-

gage in his own right or in the right of the creditors. Such is the view expressed in the case of Graham v. Perry, supra [200 Wis. 211, 228 N. W. 138]. In that case it was written, "Without pursuing the subject farther, it is considered that an .administrator of the estate of a decedent, even though the estate be insolvent, stands in the place of the decedent, and may not assert the invalidity of any transfer or mortgage untainted by fraud which the decedent himself could not assert. His position is not that of a creditor armed with process, and the mere fact that the statute provides that the property of the decedent shall be applied to the satisfaction of decedent's debts creates no lien upon the property, but merely relates to the manner of its distribution."

Because we are of the opinion that the rules to which we have adverted should not obtain as against an executor or administrator defending in the right of the creditors of an insolvent estate, we have aligned ourselves with the majority of the courts, and hold that the trial court did not err in sustaining the defense asserted by the administrator. Brown Grain Co. v. Coughlin, supra.

We consider first the applicability of the rule which places the executor or administrator in the position of the deceased mortgagor. If the action or the defense asserted by an executor or administrator will inure to the benefit of the heirs or legatees of the mortgagor, there is a sound reason for holding that the personal representative stands in the shoes of the deceased. The heirs and legatees are but volunteers and take that which they receive in the condition in which it was held by the deceased. Therefore, it is logical to hold that the executor or administrator who represents them should also stand in the shoes of the deceased. That reason is nonexistent in case of an insolvent estate. In such a situation, the executor or administrator in reality represents the creditors who are not volunteers and as against whom the mortgage is void. Therefore, the rule should not obtain.

We turn to the rule which requires a creditor to acquire a specific interest in the property described in the mortgage before he will be heard to assert its invalidity. It

is so held because the mere status of creditor does not give rise to a commission to intermeddle in the affairs or with the property of the debtor. A purported encumbrance upon property of the debtor only becomes of legal concern to the creditor who has fastened his claim upon that particular property. In our opinion, by a parity of reasoning, it logically follows that the validity of the mortgage becomes a matter of legal concern to the creditors of a deceased insolvent mortgagor because they acquire a right to have the particular property described in the mortgage applied pro rata upon their duly approved claims. Upon the death of the mortgagor all of his property becomes chargeable with his debts. SDC 56.0102 and 56.0202. To so charge his property his creditors must establish their claims in probate. SDC 35.14. The executor or administrator is required to take possession of the property of the deceased, SDC 35.1101, and he may bring actions to recover the possession of such property. SDC 35.1102. Provision is made for the sale of the property for the purpose of paying debts of the estate, SDC 35.15; and for a decree for the payment of claims. SDC 35.1426.

The foregoing views find support in Wasatch Livestock Loan Co. v. Nielson et al., supra; First National Bank v. Ludvigsen, 8 Wyo. 230, 56 P. 994, 57 P. 934, 80 Am. St. Rep. 928; Blackman v. Baxter, Reed & Co., 125 Iowa 118, 100 N. W. 75, 70 L. R. A. 250, 2 Ann. Cas. 707; and Leffek v. A. G. Luedeman, Adm'r, 95 Mont. 457, 27 P.2d 511, 91 A. L. R. 286.

In Blackman v. Baxter, Reed & Co., supra [125 Iowa 118, 100 N. W. 76], it was written: "Can it be said, then, that the creditors have no interest in the property of the deceased when entitled, under these statutes, to all its proceeds? Their fundamental purpose is the appropriation of the property of deceased irrevocably to the payment of his debts. True, the creditor acquires no lien such as is obtained by the levy of a writ of attachment or execution. The statute does not declare such a lien essential. A levy is sufficient merely because it creates such a right to the property as that the plaintiff may resort to the courts for its protection. The lien created by the levy of a writ of attachment or execution, as distinguished from some other right

to or interest in the property mortgaged, has never been held by this court to be essential before assailing an instrument as invalid because unrecorded. `A right to the property obtained in any other way is quite as effective."

And further: "Had any of the creditors caused a writ of attachment or execution to be levied an instant before Blackman's death, the mortgage, as to them, if without notice, would have been void. After his death they were powerless to make such a levy. Are they to be deprived of the opportunity of assailing the mortgage by the debtor's death, and this through no fault of their own? Has death rendered a void mortgage valid? Certainly not. But it has changed the procedure."

Finding no error in the record, the judgment of the trial court is affirmed.

All the Judges concur.

BECK, Circuit Judge, sitting for POLLEY, J.